ILLINOIS TRUST AND SAVINGS BANK, AS EXECUTOR OF THE
LAST WILL AND TESTAMENT OF HARRIET G.
McVICKER, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed November 30, 1912.*

1. INHERITANCE TAX—*refund where debts are proven after distribution.* Claimant asks a refund of an inheritance tax and bases its claim upon the fact that debts were proven against the estate after the distribution of the legacies, from which the inheritance tax had been deducted, and the legatee was required to refund a portion of the legacy. *Held,* that claimant is entitled to refund of the tax so erroneously paid.

2. STATUTE—*section 8.* Section 8 of the inheritance tax law provides, that whenever debts shall be proved against the estate of a decedent after distribution of legacies, from which the tax has been deducted, and the legatee is required to refund any portion of the legacy, a portion of said tax shall be repaid to him by the executor or administrator, if said tax has not been paid into the State or county treasury, or by the county treasurer, if it has been paid into the county treasury. In this claim the money had been paid into the State treasury; hence claimant's only remedy is resort to the Court of Claims.

James C. Hutchins, for Claimant.

W. H. Stead, Attorney General, for State.

This claim is for a refund of inheritance tax, and is based upon the fact that debts were proven against the estate of decedent after the distribution of legacies from which the inheritance tax had been deducted, and the legatee was required to refund a portion of the legacy.

The evidence in this case discloses that a total tax against the residuary estate of said deceased was fixed at nineteen hundred forty and 75-100 ($1,940.75) dollars; that on June 12, 1906, the claimant, as executor, paid the inheritance tax as fixed in said estate in the sum of twenty-three hundred eighty-three and 3-100 ($2,383.03) dollars, to the county treasurer of Cook

—7 C C

County, Illinois, as required by law, which sum included said sum of nineteen hundred forty and 75-100 ($1,940.75) dollars, assessed against said residuary estate; that at the time said inheritance tax was fixed and paid, as above stated, there was pending against the estate of said Harriet G. McVicker, deceased, the claim of one L. C. H. E. Zeigler, in the sum of one hundred ten thousand ($110,000.00) dollars, which claim was duly allowed and the judgment affirmed by the Supreme Court of the State of Illinois, in the sum of one hundred thousand ($100,000.00) dollars on June 8, 1910; that on July 1, 1910, said claimant, as trustee, transferred to itself, as executor, property and cash of the value of ninety-four thousand ($94,000.00) dollars. This sum transferred to said executor, together with the sum remaining in the hands of the executor, was used by said executor to pay the said Zeigler judgment; that said executor did, on July 10, 1910, pay to said Zeigler, in satisfaction of said judgment, interest and costs, the sum of one hundred thirteen thousand four hundred eighty-two and 77-100 ($113,482.77) dollars.

Section eight of the law imposing the inheritance tax, in force July 1, 1909, provided, that whenever debts should be proved against the estate of a decedent after distribution of legacies from which the inheritance tax has been deducted in compliance with this Act, and the legatee is required to refund any portion of the legacies, a portion of the said tax shall be repaid to him by the executor or administrator, if the said tax has not been paid into the State or county treasury, or by the county treasurer, if it has been so paid.

In this case the county treasurer had paid the money received from said estate into the State treasury, and consequently the same was not in his hands at the time that the judgment was affirmed against said estate.

The claimant presented its claim for a repayment to it of a proper portion of said inheritance tax to

the county treasurer of Cook County, and said claim was refused by the county treasurer on the ground that there were no funds applicable to the repayment of said amount; that said claim was thereafter, on or about the eighth day of January, 1912, presented to the Treasurer of the State of Illinois, and demand was made upon said State Treasurer for the repayment to the claimant of the sum of one thousand ($1,000.00) dollars, the proportion of the tax so paid which ought to be refunded as aforesaid; that on or about the eleventh day of January, 1912, the said State Treasurer, of the State of Illinois, refused the said demand upon the ground that there were no moneys applicable to the repayment of said sum.

From the facts in this case claimant is clearly within the meaning of paragraph 8 of the statutes in reference to tax on gifts, legacies and inheritances, approved June 14, 1909; in force July 1, 1909. Section 8 does not seem to make any provision as to how said tax shall be repaid to the executor or administrator, if the same has been paid by the county treasurer to the State Treasurer, but from the facts in this case it is clear, that the residuum of this estate has been reduced by the sum of one thousand ($1,000.00) dollars, by the payment of the Zeigler judgment, and consequently the amount of the inheritance tax, which should have been paid, reduced by one per cent of one hundred thousand ($100,000.00) dollars, which is one thousand ($1,000.00) dollars, and there is therefore, now one thousand ($1,000.00) dollars held by the Treasurer of the State of Illinois, which rightfully belongs to the claimant. Claimant has complied, as far as within its power, with all laws of the State of Illinois, in reference to securing the repayment of this sum and has been unsuccessful in procuring it to be repaid.

The amendment of the claim which asks for an additional amount of ninety-three and 73-100 ($93.73) dollars, cannot be allowed by this Court as the application for refund, which was made to the county and

State Treasurer, was for the sum of one thousand ($1,000.00) dollars, and inasmuch, as no claim has been presented to the county or State Treasurer for the additional amount of ninety-three and 73-100 ($93.73) dollars, this Court cannot allow the same for the reason, that the statute in reference to an application for the refund of inheritance taxes erroneously paid must be made to the county or State Treasurer within two (2) years of the time of payment of the same.

From all of the facts in this case, it is the opinion of this Court, that the contention of claimant, as to the ninety-three and 73-100 ($93.73) dollars, should be rejected, and it should be sustained as to the sum of one thousand ($1,000.00) dollars. Its claim therefore for one thousand ($1,000.00) dollars is hereby allowed.